IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 6 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-01749-BNB

JOHN TODD VANDERHORST,

        Petitioner,

v.

JEANEENE E. MILLER, Director, Adult Parole, Colorado Parole Board,

        Respondent.

_____

## ORDER OF DISMISSAL

_____

        Petitioner, John Todd Vanderhorst, submitted to and filed with the Court *pro se*

a petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus by a person in state

custody. He paid the $5.00 filing fee for a habeas corpus action. The Court must

construe the petition liberally because Mr. Vanderhorst is representing himself. *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*,

935 F.2d at 1110. For the reasons stated below, the petition will be denied.

        Mr. Vanderhorst alleges that on April 24, 2000, he was convicted by a jury in

Texas on charges of felony driving while intoxicated, enhanced, and sentenced to thirty-

six years of incarceration in the Correctional Institutional Division of the Texas

Department of Criminal Justice. He alleges that he currently is on parole in Colorado,

and seeks his release from custody because he contends he is innocent of the charges

of driving while intoxicated. He contends that he has exhausted Texas state remedies

by presenting this same claim, i.e., that he is innocent of the charges of driving while intoxicated, to the Texas trial court, which apparently dismissed the claim, and by appealing to the Texas court of criminal appeals, which on March 11, 2009, dismissed the appeal.

Venue in this Court is not proper. Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Mr. Vanderhorst is not challenging his parole. He is challenging his conviction on charges of driving while intoxicated. The events giving rise to his claim occurred in Texas. Therefore, venue is improper in this Court. Accordingly, it is

ORDERED that the petition is denied and the instant action dismissed without prejudice for improper venue.

DATED at Denver, Colorado, this 5 day of Aug , 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01794-BNB

John Todd Vanderhorst
90 Hidden View
South Fork, CO 81154

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on ___8/6/09___

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk